1  **LAQUER URBAN CLIFFORD & HODGE LLP**
2  Susan Graham Lovelace, State Bar No. 160913
   Email: *Lovelace@luch.com*
3  Andrew Quinn Thompson, State Bar No. 340286
   Email: *AThompson@luch.com*
4  200 South Los Robles Avenue, Suite 500
   Pasadena, CA 91101-3030
5  Telephone: (626) 449-1882

6
   Counsel for Plaintiffs, Trustees of the Southern California
7  IBEW-NECA Pension Plan, et al.

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11  TRUSTEES OF THE SOUTHERN              CASE NO.:  2:23-cv-4455
    CALIFORNIA IBEW-NECA PENSION
12  PLAN, TRUSTEES OF THE SOUTHERN        **COMPLAINT FOR:**
    CALIFORNIA IBEW-NECA DEFINED
13  CONTRIBUTION TRUST FUND, TRUSTEES
    OF THE SOUTHERN CALIFORNIA IBEW-      1.  **BREACH OF WRITTEN**
14  NECA HEALTH TRUST FUND, TRUSTEES          **COLLECTIVE**
    OF THE SOUTHERN CALIFORNIA IBEW-          **BARGAINING**
15  NECA SUPPLEMENTAL UNEMPLOYMENT            **AGREEMENT AND**
    BENEFIT TRUST FUND, TRUSTEES OF           **RELATED TRUST**
16  THE LOS ANGELES COUNTY                    **AGREEMENTS**
    ELECTRICAL EDUCATIONAL AND
17  TRAINING TRUST FUND, TRUSTEES OF
    THE NATIONAL ELECTRICAL BENEFIT       2.  **VIOLATION OF §515 of**
18  FUND, TRUSTEES OF SOUTHERN                **ERISA**
    CALIFORNIA IBEW-NECA LABOR-
19  MANAGEMENT COOPERATION
    COMMITTEE, TRUSTEES OF THE
20  NATIONAL NECA-IBEW LABOR-
    MANAGEMENT COOPERATION
21  COMMITTEE TRUST FUND, NATIONAL
    ELECTRICAL INDUSTRY FUND, LOS
22  ANGELES ELECTRICAL WORKERS
    CREDIT UNION, and SOUTHERN
23  CALIFORNIA IBEW-NECA
    ADMINISTRATIVE CORPORATION,
24
                 Plaintiffs,
25
          v.
26
    ROBNETT ELECTRIC, INC., a California
27  corporation,

28               Defendant.

                                      1
                                  **COMPLAINT**
    1737839

Plaintiffs complain and allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to § 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to § 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in § 502(f) of ERISA [29 U.S.C. § 1132(f)].

2. This Court also has jurisdiction of this case pursuant to § 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to § 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and § 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the Plaintiff Trust Funds are administered, in which the relevant acts took place, and in which moneys are due and payable.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

5. Plaintiffs, Trustees of the Southern California IBEW-NECA Pension Plan, Trustees of the Southern California IBEW-NECA Defined Contribution Trust Fund, Trustees of the Southern California IBEW-NECA Health Trust Fund, Trustees of the Southern California IBEW-NECA Supplemental Unemployment Benefit Trust Fund, Trustees of the Los Angeles County Electrical Educational and Training Trust

1737839

Fund, Trustees of the National Electrical Benefit Fund ("NEBF"), Trustees of the Southern California IBEW-NECA Labor-Management Cooperation Committee ("So. Cal. LMCC"), and Trustees of the National NECA-IBEW Labor-Management Cooperation Committee Trust Fund ("National LMCC") are the Trustees of express trusts ("Trusts") created pursuant to written Declarations of Trust ("Trust Agreements").  Except for the NEBF and National LMCC, the Trust Agreements are between various chapters of the International Brotherhood of Electrical Workers ("IBEW"), including Local No. 11 ("Local 11"), and various chapters, including the Los Angeles County chapter, of the National Electrical Contractors Association ("NECA"), an employer association in the electrical industry in Southern California. For the NEBF and the National LMCC, the Trust Agreements are between the National Union of IBEW and the National NECA.  The Trusts are now, and were at all times material to this action, Labor-Management multiemployer trusts created and maintained pursuant to §302(c)(5) of the LMRA [29 U.S.C. §186(c)(5)], except for the So. Cal. LMCC and the National LMCC, which are Trusts created and maintained pursuant to the Labor-Management Relations Act of 1947, as amended, and the Labor-Management Cooperation Act of 1975.  Plaintiffs, as Trustees of the express Trusts (except for the Trustees of the So. Cal. LMCC and the National LMCC), are "fiduciar[ies]" with respect to the Trusts as defined in Section 3(21)(A) of ERISA [29 U.S.C. §1002(21)(A)].  The Trusts are administered by the Trustees of the Trusts in Los Angeles County.  Plaintiff, Los Angeles Electrical Workers Credit Union, is a state chartered credit union that collects employee authorized vacation payments pursuant to collective bargaining agreements entered into by Local 11 of the IBEW. Plaintiff, National Electrical Industry Fund, is administered by NECA and collects industry advancement funds pursuant to various collective bargaining agreements entered into by various local unions of the IBEW and various chapters of NECA. Plaintiff, Southern California IBEW-NECA Administrative Corporation, collects and administers fringe benefit contributions and related amounts, including working dues

owed to Local 11, pursuant to various collective bargaining agreements covering Southern California.  Collectively, all Plaintiffs are referred to herein as "Plaintiffs."

6.    Plaintiffs are informed and believe, and thereon allege, that at all times material herein, Defendant, Robnett Electric, Inc. ("Defendant"), was and is a California corporation with its principal place of business in Los Angeles, California.

## BARGAINING AGREEMENTS AND STATUS OF PARTIES

7.    Plaintiffs are informed and believe, and thereon allege, that on or about December 6, 1991, Defendant signed a letter of assent wherein it agreed to be bound to a collective bargaining agreement known as the Inside Wiremen's Agreement entered into by the Los Angeles County Chapter of NECA and Local 11 ("Master Agreement").

8.    Plaintiffs are informed and believe, and thereon allege, that the terms and provisions of the Trust Agreements are incorporated by reference into the Master Agreement, and/or that Defendant is otherwise bound to the terms and provisions of the Trust Agreements.

9.    At all times material herein, Defendant has been obligated to the terms and provisions of the Master Agreement and Trust Agreements.

10.    Plaintiffs are informed and believe, and thereon allege, that Defendant is an "employer" as that term is defined in the Master Agreement and/or related Trust Agreements.  Plaintiffs are informed and believe, and thereon allege, that Defendant is an "employer" as defined and used in Section 3(5) of ERISA [29 U.S.C. § 1002(5)], and, therefore, Defendant is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA [29 U.S.C. § 1145.  Plaintiffs are informed and believe, and thereon allege, that Defendant is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1) and 142(3)], and within the meaning and use of Section 301(a) of the LMRA [29 U.S.C. § 185(a)].

# FIRST CLAIM FOR RELIEF

## *Breach of Written Collective Bargaining Agreement*
## *and Related Trust Agreements*

11.     Plaintiffs hereby refer to, and incorporate herein by reference, paragraphs 1 through 10, above.

12.     Plaintiffs are informed and believe, and thereon allege, that by the terms and provisions of the Master Agreement and/or related Trust Agreements, and at all times material herein, Defendant agreed, and is and was obligated, to:

12.1   Prepare and submit true, complete and accurate written monthly contribution reports ("Monthly Reports") to Plaintiffs on or before a date certain of the calendar month following the month in which the contributions and other amounts accrued showing: i) the identities of employees performing work covered by the Master Agreement and/or the Trust Agreements, ii) the number of hours worked by these employees, iii) the rates of pay, iv) character of hours worked (e.g., straight time, over-time, etc.), and v) based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions, benefits and/or withholdings attributable to the same employees.

12.2   Pay to Plaintiffs fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by applicable employees.  These amounts are considered delinquent if not received by Plaintiffs by the fifteenth of the month succeeding the month in which the work was performed.  These amounts are due and payable at Plaintiffs' administrative offices in Pasadena, California.

12.3   Permit Plaintiffs and its agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions and other amounts have been properly paid to Plaintiffs pursuant to the Master Agreement and/or the related Trust Agreements.

///

13.     Plaintiffs are informed and believe, and thereon allege, that Defendant submitted Monthly Reports to Plaintiffs reflecting work performed by Defendant's employees during the months of February 2023 through April 2023 covered by the Master Agreement.   In the Monthly Reports, Defendant admitted that it owed Plaintiffs fringe benefit contributions and other amounts totaling at least $44,976.63. However, Defendant failed to pay to Plaintiffs any of the amounts due.  Failure to pay this amount to Plaintiffs is a breach of the Master Agreement and Trust Agreements, and a violation of Section 515 of ERISA [29 U.S.C. § 1145].

14.     Plaintiffs are informed and believe, and thereon allege, that on an ongoing basis, Defendant has, and will continue to, fail to pay to Plaintiffs the required fringe benefit contributions and other amounts owed.  The amount of the additional unpaid contributions and other amounts owed will be established by proof at the trial herein.

15.     As of the date of filing this Complaint, Defendant is "delinquent," as that term is used in the Master Agreement and/or related Trust Agreements.

16.     Pursuant to the Master Agreement, related Trust Agreements, and/or §502(g)(2) of ERISA [29 U.S.C. §1132(g)(2)], Defendant is obligated to pay to Plaintiffs liquidated damages for the detriment caused by the failure of Defendant to timely pay fringe benefit contributions and other amounts owed to Plaintiffs.  Pursuant to the written Southern California IBEW-NECA Joint Collection Committee Collection Policy and Procedures ("Joint Collection Policy") promulgated by the Plaintiffs pursuant to the authority granted to them by the Master Agreement and Trust Agreements, those liquidated damages are assessed at 1.5% for each 30 days that the contributions are delinquent up to a maximum of 18%.  However, if a lawsuit is filed to collect the contributions, the Joint Collection Policy provides for liquidated damages assessed at twenty percent (20%) of the unpaid or late paid contributions. Plaintiffs are informed and believe, and thereon allege, that there is due and payable from Defendant to Plaintiffs liquidated damages related to work performed from

December 2022 through the present in an amount that will be established by proof at trial herein.

17.   Plaintiffs are informed and believe, and thereon allege, that Defendant has failed to pay certain additional amounts of liquidated damages in amounts not presently known to Plaintiffs, and these additional amounts will be established by proof at trial herein.

18.   Pursuant to the Master Agreement, related Trust Agreements, Joint Collection Policy and/or §502(g)(2) of ERISA [29 U.S.C. §1132(g)(2)], Defendant owes Plaintiffs interest accruing at 8% per annum on all unpaid or late paid fringe benefit contributions, and related amounts, from the dates the sums were originally due to Plaintiffs through the date of judgment and post-judgment.  Plaintiffs are informed and believe, and thereon allege, that there is due and payable from Defendant to Plaintiffs interest related to work performed from December 2022 forward, in an amount that will be established by proof at trial herein.

19.   By the Master Agreement, Trust Agreements and/or Section 502(g)(2) of ERISA [29 U.S.C. §1132(g)(2)], Defendant is obligated to pay all legal and auditing costs in connection with any delinquency, whether incurred before or after litigation is or was commenced.

20.   It has been necessary for Plaintiffs to engage legal counsel for the purpose of collecting said contributions and other amounts, and Plaintiffs are entitled to their reasonable attorneys' fees in connection therewith.  The exact amount of the legal fees due and payable has not been ascertained at this time.  It may also be necessary for Plaintiffs to incur audit costs for the purpose of collecting the amounts owed by Defendant.  The amounts due for legal fees and auditing costs shall be established by proof at trial.

///
///
///

21.   Pursuant to §502(g)(2) of ERISA [29 U.S.C. §1132(g)(2)], the Court may grant such other legal or equitable relief as the Court deems appropriate.  As part of Plaintiffs' judgment, Plaintiffs request the Court to:

21.1   Order Defendant, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the Master Agreement and Trust Agreements, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid amounts, whether in whole or in part, of the use of any sums owed to the Plaintiffs;

21.2   Order Defendant, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Plaintiffs, in an amount determined by the Court to be appropriate;

21.3   Order the creation of a constructive trust for the full amount determined to be due the Plaintiffs on all applicable property of Defendant, and order the transfer of the applicable property to the Plaintiffs; and

21.4   Order Defendant, its representatives, agents and associates, to pay to the Plaintiffs all amounts due the Plaintiffs, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

22.   Plaintiffs are also seeking injunctive relief, including but not limited to, a temporary restraining order, preliminary injunction and/or permanent injunction:

22.1   Ordering Defendant to submit the required Monthly Reports and remit the appropriate fringe benefit contributions and other amounts owed to the Plaintiffs on an ongoing basis;

22.2   Enjoining Defendant from continuing to violate its duties under ERISA (by failing to submit the required Monthly Reports and remit the appropriate fringe benefit contributions and other amounts owed to the Plaintiffs on an ongoing basis);

///

22.3   Enjoining Defendant from employing employees covered under the Master Agreement and related Trust Agreements without properly reporting and remitting to the Plaintiffs the amounts owed to the Plaintiffs pursuant to those agreements; and

22.4   Ordering Defendant to permit Plaintiffs' auditor access to the wage and payroll books and records of Defendant in order to permit Plaintiffs to verify the precise amount owed by Defendant to Plaintiffs.

## SECOND CLAIM FOR RELIEF
## (VIOLATION OF § 515 OF ERISA)

23.   Plaintiffs hereby refer to, and incorporate herein by reference, paragraphs 1 through 22, inclusive of sub-paragraphs, above.

24.   Section 515 of ERISA [29 U.S.C. § 1145], provides *"[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."*

25.   Defendant is an *"employer"* as defined and used in § 3(5) of ERISA [29 U.S.C. § 1002(5)], and is *"obligated to make contributions to a multiemployer plan"* within the meaning and use of § 515 of ERISA [29 U.S.C. § 1145].

26.   Plaintiffs are informed and believe, and thereon allege, that Defendant violated its statutory mandated obligation to timely pay fringe benefit contributions and other amounts to Plaintiffs. Plaintiffs are informed and believe, and thereon allege, that there is due and payable from Defendant the fringe benefit contributions and other amounts set forth in paragraphs 13 through 14, above.

27.   Defendant failed to timely cure its violation, and has since continued to violate its statutory obligations.

28.   Pursuant to Section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which the judgment is found in favor of the Plan, the Court

shall award the Plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of, (a) interest on the unpaid contributions or (b) liquidated damages provided for under the Plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For purposes of Section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the Plan or, if none, the rate prescribed under § 6621 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. § 6621. The exact amount of unpaid contributions, benefits, withholdings, damages, reasonable attorneys' fees, court costs, interest, liquidated damages and other expenses allowed by federal statute and owed to Plaintiffs by Defendant has not been ascertained at this time. These amounts shall be established by proof at the time of trial.

29.     As part of Plaintiffs' judgment, Plaintiffs shall also request the relief set forth in paragraphs 21-22, inclusive of sub-paragraphs, above.

///
///
///
///
///
///
///
///
///
///
///
///

## **PRAYER**

1.     For unpaid fringe benefit contributions and other amounts due in amounts as proved totaling at least $44,976.63, plus additional amounts as proved;

2.     For liquidated damages in amounts as proved;

3.     For interest at the applicable rate(s) on all amounts due from their respective due dates and thereafter post-judgment in amounts as proved;

4.     For reasonable attorneys' fees in amounts as proved;

5.     For costs of suit incurred herein in amounts as proved;

6.     For such additional relief as this Court deems just and proper, including, but not limited to, the following:

6.1.     An Order directing Defendant, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the Master Agreement and Trust Agreements, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid sums due, whether in whole or in part, of the use of any unpaid amounts owed;

6.2.     An Order directing Defendant, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Plaintiffs, in an amount determined by the Court to be appropriate;

6.3.     An Order for the creation of a constructive trust in favor of the Plaintiffs on all applicable property of Defendant, up to the full amount found due by Defendant to Plaintiffs, and an Order for the transfer of the applicable property to the Plaintiffs; and

6.4.     An Order directing Defendant, its representatives, agents and associates, to pay to the Plaintiffs all amounts due the Plaintiffs, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, and other expenses and damages incurred.

1737839

7.      For injunctive relief, including but not limited to a temporary restraining order, preliminary injunction and/or permanent injunction:

7.1.   Ordering Defendant to submit the required Monthly Reports and remit the appropriate fringe benefit contributions and other amounts due to the Plaintiffs on an ongoing basis;

7.2.   Enjoining Defendant from continuing to violate its duties under ERISA (by failing to submit the required Monthly Reports and remit the appropriate fringe benefit contributions and other amounts due to the Plaintiffs on an ongoing basis); and

7.3    Enjoining Defendant from employing employees covered under the Master Agreement and related Trust Agreements without properly reporting and making the required payments to the Plaintiffs.

Dated: June 7, 2023            Respectfully Submitted,

**LAQUER URBAN CLIFFORD & HODGE LLP**

By: */s/ Andrew Quinn Thompson*
      Andrew Quinn Thompson, Counsel for Plaintiffs,
      Trustees of the Southern California IBEW-NECA
      Pension Plan, et al.

## <u>WAIVER OF JURY TRIAL</u>

Plaintiffs hereby waive a jury trial in this action.

Dated: June 7, 2023            Respectfully Submitted,

**LAQUER URBAN CLIFFORD & HODGE LLP**

By: */s/ Andrew Quinn Thompson*
      Andrew Quinn Thompson, Counsel for Plaintiffs,
      Trustees of the Southern California IBEW-NECA
      Pension Plan, et al.

1737839